UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES LEE HICKEY, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-15-748 |
| § | |
| CAROLYN W. COLVIN, § | |
| ACTING COMMISSIONER OF THE § | |
| SOCIAL SECURITY ADMINISTRATION, § | |
| § | |
| *Defendant*. § | |

## ORDER

Pending before the court is a memorandum and recommendation ("M&R") filed by Magistrate Judge Nancy Johnson. Dkt.16. The Magistrate Judge considered a motion for summary judgment filed by plaintiff James Lee Hickey ("Plaintiff") (Dkt. 11) and a cross motion for summary judgment filed by defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration (the "Commissioner") (Dkt. 12). The Magistrate Judge recommends denying Plaintiff's motion and granting the Commissioner's motion. Dkt. 16. Having considered the M&R, the motions, Plaintiff's objections, the Commissioner's response, and other relevant materials in the record, the court is of the opinion that Plaintiff's objections should be OVERRULED and the M&R should be ADOPTED.

### I. BACKGROUND

This is an appeal of an unfavorable decision by the Social Security Administration regarding Plaintiff's claim for disability insurance benefits under Title II and supplemental security income under Title XVI of the Social Security Act. Plaintiff filed for disability insurance benefits and

supplemental security benefits on May 12, 2011, indicating he had become unable to work as of January 1, 2006.[1] Dkt. 6 at 162.

On July 26, 2013, the Social Security Administrative Law Judge ("ALJ") issued an unfavorable decision that the Plaintiff was not disabled from January 1, 2006 through the date of the decision. Dkt. 6 at 35. The decision was upheld by the Appeals Council on January 16, 2015, transforming the ALJ's decision into the final decision of the Commissioner. *Id*. at 1–6. Plaintiff filed a complaint to appeal the Commissioner's decision on March 20, 2015 (Dkt 1) and the Commissioner answered on November 18, 2015 (Dkt 5). The court referred the case to the Magistrate Judge on January 7, 2016. Dkt. 10.

Plaintiff and the Commissioner each filed cross motions for summary judgement. Dkts. 11, 12. The Magistrate Judge issued her M&R regarding the motion on August 12, 2016. Dkt. 16. The Magistrate Judge recommends that the court grant the Commissioner's motion for summary judgement because the ALJ's decision was based on a thorough evaluation of the evidence to determine the Plaintiff had the ability to perform light, unskilled work and the ALJ's written decision was supported by substantial evidence of record. *Id.* at 34. Plaintiff filed timely objections to the M&R. Dkt. 17. The Commissioner responded to the objections. Dkt. 18.

## II. LEGAL STANDARD

For dispositive matters, the court "determine(s) de novo any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* "When no timely objection is filed, the court

---

[1] Plaintiff's extensive medical history, medication record, and claims in support of his application for disability insurance benefits and supplemental security income benefits are thoroughly summarized in the M&R. *See* Dkt. 6 at 2–17.

need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Comm. Note (1983). For non-dispositive matters, the court may set aside the magistrate judge's order only to the extent that it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

### III. OBJECTIONS

Plaintiff asserts the following objections to the Magistrate Judge's M&R: (1) by disregarding the testimony of the Vocational Expert, the ALJ failed to properly consider the side effects from multiple medications; (2) the ALJ erred by failing to ascribe any credibility to the testimony of Plaintiff's mother; and (3) the ALJ did not address certain records from treating physicians from December 2011 through December 2012. Dkt. 17.

In his first objection, Plaintiff argues that by disregarding the testimony of the Vocational Expert, the ALJ failed to properly consider the side effects from multiple medications. Plaintiff claims that: "Defendant's ALJ factored in all these side effects and Plaintiff's severe pain and asked Vocational Expert Mr. Poor whether or not Plaintiff could work on a regular or continuing basis" and that Mr. Poor replied, "an individual could not work in any job." Dkt. 17 at 3. However, Plaintiff mischaracterizes the Vocational Expert's testimony as directly addressing the Plaintiff's condition. The record shows that the ALJ asked the Vocational Expert about several hypothetical scenarios, one of which described a *hypothetical* individual that experienced a combination of side effects and severe pain. Dkt. 6 at 77. Nowhere in the record is there evidence that the ALJ determined the Plaintiff's condition was exactly the same as this one hypothetical that was included as part of a series of questions based on varied vocational scenarios. Rather, the ALJ made a separate determination regarding the combination of Plaintiff's side effects and the credibility of the severity of his symptoms in performing her evaluation. Dkts 6 at 26–27, 30. The Magistrate Judge

thoroughly and properly evaluated the ALJ's consideration of the combined impact of the medication side effects and concluded that the ALJ's decision was based on substantial evidence. Dkt 16 at 30–31. The court accepts the Magistrate Judge's opinion that the ALJ did not err in evaluating the combined side effects of Plaintiff's medication.

In his second objection, Plaintiff argues that the ALJ erred by failing to ascribe any credibility to the testimony of Plaintiff's mother, Ms. Hickey. Dkt. 17 at 4. In another social security appeal, the Fifth Circuit addressed the ALJ's obligations to accord weight to a plaintiff's mother's testimony: "Even though it would have been preferable for the ALJ to comment directly on the testimony of [plaintiff] Gardner's mother, any error in failing to do so was harmless. . . . The ALJ's failure to comment directly on the testimony of Gardner's mother, which was essentially duplicative of Gardner's own testimony, did not affect Gardner's substantial rights." *Gardner v. Massanari*, 264 F.3d 1140, 2001 WL 822457, at *1 (5th Cir. 2001) (unpublished). Like in *Gardner*, Plaintiff's mother's testimony mostly duplicated claims in other parts of the record and in Plaintiff's own testimony. Dkt 6 at 69–71.

Moreover, here, the ALJ did discuss the contents of Ms. Hickey's testimony in her decision. *Id*. Plaintiff argues that discussing the contents of the testimony is insufficient, and the ALJ should have also specified what weight she ascribed to Ms. Hickey's testimony. Dkt. 16 at 4. But "'[p]rocedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have [not] been affected.'" *Gardner*, 2001 WL 822457, at *1 (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988)). The ALJ's failure to assign a weight to the testimony referenced in her decision may not be procedurally perfect, but it did not affect the substantial rights of the Plaintiff. The court accepts the Magistrate Judge's conclusion that any error of the ALJ to assign a weight to Ms. Hickey's testimony was harmless error.

4

Finally, in his third objection, Plaintiff argues that the ALJ did not specifically address certain records from treating physicians from December 2011 through December 2012. Dkt. 17 at 5 (referencing eleven medical records not cited in the ALJ's opinion). "The ALJ must consider all the record evidence and cannot pick and choose only the evidence that supports his position." *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000) (internal quotations omitted). But, there is no need for the ALJ to discuss each and every piece of evidence in record, nor does the ALJ's failure to discuss the evidence actually establish a failure to consider the evidence. *See Castillo v. Barnhart*, 151 F. App'x 334, 2005 WL 2675002, at *1 (5th Cir. 2005) (unpublished) (citing *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994)); *Bordelon v. Shalala*, 41 F.3d 661, 1994 WL 684574, at *1 (5th Cir. 1994) (unpublished). There is no evidence that the ALJ failed to consider these records just because she failed to discuss them in her opinion or that she was "picking and choosing" only evidence that supported her position. Though the ALJ did not cite to these specific records, the ALJ evaluated evidence associated with each of the Plaintiff's impairments, including the coronary bypass, diabetes, neuropathy, kidney issues, pain, weakness, and mental impairments, and she made her findings based on substantial evidence in the record. Dkt. 6 at 26–32. Because of the ALJ's thorough evaluation of all of Plaintiff's impairments, the court accepts the Magistrate Judge's opinion that even if the ALJ had failed to consider these records, there is no evidence it would have effected her decision. Dkt. 16 at 33–34. Therefore, the court AFFIRMS the Magistrate Judge's opinion that the ALJ's written decision to deny social security disability benefits to Plaintiff was supported by substantial evidence and was rendered in accordance with the applicable law.

## IV. CONCLUSION

Plaintiff's objections are OVERRULED, and the M&R is hereby ADOPTED in full. Plaintiff's motion for summary judgment is DENIED, and the Commissioner's motion for summary judgment is GRANTED. The decision of the Social Security Administration is AFFIRMED.

Signed at Houston, Texas on September 30, 2016.

_____
Gray H. Miller
United States District Judge